IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES W. CHRISTOPHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-133 |
| | ) | |
| "DOE," Department of Corrections Dialysis Medical Provider, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

### I. SCREENING OF COMPLAINT

This is the second complaint Plaintiff has filed in this District alleging facts very similar to the facts set forth in the present case.[1] See Christopher v. Augusta State Medical

---

[1] A copy of Plaintiff's previously filed complaint was attached to his present complaint. (Doc. no. 1, pp. 15-28). Nevertheless, the Court will screen Plaintiff's present complaint and assume that Plaintiff does not wish to reassert claims that are only contained

Prison, 1:05cv089 (S.D. Ga. June 5, 2005) (dismissed for failure to exhaust administrative remedies). *Liberally* construing Plaintiff's current complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Department of Corrections Medical Provider "Doe"; (2) Nurse Brock; (3) Nurse Tinker; and (4) Nurse Brown. (Doc. no. 1, pp. 1, 3).

Plaintiff avers that Defendants were deliberately indifferent to his serious medical needs when they delayed his kidney dialysis treatment. (Id. at 12). According to Plaintiff, he was incarcerated at ASMP on March 4, 2005, after having his parole revoked. (Id. at 6). Defendant Tinker subsequently refused to schedule Plaintiff for dialysis treatment before Monday, March 7, 2005. (Id.). According to Plaintiff, Defendant Tinker knew Plaintiff's last dialysis session had been on March 3, 2005, and that this four-day wait was inherently dangerous. (Id.). Plaintiff's regularly scheduled treatment should have been on March 5th, and when Plaintiff informed Dorm Officer Streeter of his pain and dizziness, Officer Streeter contacted the dialysis center. (Id. at 7). Even so, the on-duty nurse, Defendant Doe, told Officer Streeter that there was nothing that could be done until Monday. (Id.).

Subsequently, Officer Streeter escorted Plaintiff to the dialysis center where, despite Plaintiff's complaints, Defendant Nurse Brown refused to move up Plaintiff's dialysis treatment. (Id. at 7-8). By March 6, 2005, Plaintiff's condition became critical, and he was rushed to the emergency room at the Medical College of Georgia. (Id. at 8). Despite all this, Plaintiff maintains that ASMP did not conduct any tests to determine the extent of the damage inflicted to Plaintiff due to toxin buildup and, on March 7th, Defendant Tinker decided to cut Plaintiff's scheduled dialysis treatment short by a half hour. (Id. at 9-10).

---

within the previous complaint.

Moreover, instead of properly scheduling Plaintiff's next dialysis appointment for March 9th, Plaintiff was told not to report for dialysis until March 10th. (Id. at 10).

According to Plaintiff, these delays in treatment in March, 2005, caused him pain and resulted in "permanent complications" in his lower extremities, causing him to have trouble walking. (Id. at 12). Plaintiff sues Defendants in their individual and official capacities and seeks monetary damages. (Id. at 3).

Plaintiff's official capacity claims fail as a matter of law. Plaintiff has attempted to sue all the named Defendants in their official capacities for monetary damages. The Eleventh Amendment bars official capacity damage actions against state prison officials. Kentucky v. Graham, 473 U.S. 159, 169 (1985). As a result, these claims are not cognizable and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for monetary damages against Defendants in their official capacities be **DISMISSED**.[2]

SO REPORTED and RECOMMENDED this 6th day of February, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has directed that service of process be effected upon Defendants Brock, Tinker, and Brown for the claims specifically set forth in a simultaneously filed Order.

3